STONE, CHAIRMAN OF STATE TAX COMMISSION, *v.* GREEN *et al.*

(In Banc.  Oct. 22, 1945.  Suggestion of Error Overruled March 11, 1946.)

[23 So. (2d) 542.  No. 35924.]

**J. H. Sumrall**, of Jackson, for appellant.

8

W. E. Gore and Butler & Snow, all of Jackson, for appellees.

Argued orally by J. H. Sumrall, for appellant, and by C. B. Snow and W. E. Gore, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

The appellant, Chairman of the State Tax Commission, collected from the appellees a privilege tax under subsections (a) and (b) of Section 57, Chapter 120, Laws 1940, and a sales tax under Section 2-e, Chapter 119, Laws 1934. Thereafter the appellees brought this action against the appellant for the recovery of the taxes so paid. A demurrer to the declaration was overruled and on the appellant declining to plead further judgment was rendered for the appellees in accordance with the prayer of their declaration.

Section 57, Chapter 120, Laws 1940, imposes a privilege tax on "each person who offers or bids to contract for a fixed price, commission, fee, or wage to construct, repair, or to superintend the construction or repair of any building, highway, street, sidewalk, bridge, culvert, sewer, or water system, drainage, or dredging system, electric, or steam railway, reservoir, or dam, hydraulic or power plant, electric lighting or power system, steam heating plant or system, transmission line, pipe line, tower, dock, wharf, excavation, grading, water wells, gas wells, oil wells or other improvement or structure, or any part thereof, the contract price of which exceeds the sum of three thousand dollars ($3,000.00)."

Section 2-e, Chapter 119, Laws 1934, imposes a sales tax on persons engaged "in the business of contracting, as defined in the privilege tax law of this state."

The contract which the appellees executed was with the War Department of the Federal Government for the building of a levee along a portion of the Mississippi River.

The appellees' contention is that a contract for the building of a levee is not within the provisions of Section 57, Chapter 120, Laws 1940, for the reason that levees are not "included within the designated items as set forth in the privilege tax law of 1940." Levees are not specifically mentioned in the statute, but unless a contrary in-

tent appears are included in the general provision of the statute "or other improvement or structure" immediately following its specific provisions. A levee is undoubtedly an improvement or structure and the only limitation on these generic terms, "improvement or structure," is that to come within them an improvement or structure must be "of the same general nature or class as those enumerated," to cite authority for which would be supererogatory. Counsel for the appellee give several, we will assume, very good reasons why the legislature would have intended to exclude the building of levees from this tax. But the legislative intent where a statute is plain and unambiguous must be gathered therefrom in the absence of something in its legislative history or other statutes indicating the contrary.

The demurrer should have been sustained.

Reversed and remanded.